**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Everest Indemnity Company, | ) | No. 09-0023-PHX-JAT |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Apollo Fire, Inc., | ) ) ) | |
| Defendant. | ) ) ) | |

On February 11, 2009, this Court ordered:

> In this case, the complaint fails to sufficiently plead jurisdiction. *See* 28 U.S.C. § 1332; *Industrial Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (a corporation is a citizen of every state in which it is incorporated and the state where it has its principal place of business).
> Accordingly,
> **IT IS ORDERED** that by February 25, 2009, Plaintiff (who is the party asserting jurisdiction and therefore the party with the burden of pleading jurisdiction, *see id.*) shall file an amended complaint properly alleging federal subject matter jurisdiction, or this case will be dismissed without prejudice for lack of federal subject matter jurisdiction.
> **IT IS FURTHER ORDERED** that Plaintiff is cautioned that it will be given one opportunity to amend to cure the jurisdiction defects. The Court will not issue additional sua sponte show cause orders to advise Plaintiff how to plead jurisdiction. Therefore, if the amended complaint fails to plead federal subject matter jurisdiction, this case will be dismissed without the Court sua sponte granting Plaintiff any further opportunities to amend.

Doc. #12.

On February 25, 2009, Plaintiff filed an amended complaint. The amended complaint still fails to plead a state of incorporation or a principal place of business for either the

corporate plaintiff or the corporate defendant.[1]  Plaintiff having been given an opportunity to amend to properly allege federal subject matter jurisdiction and having failed to do so,

IT IS ORDERED dismissing this case, without prejudice, for lack of federal subject matter jurisdiction.

DATED this 27th day of February, 2009.

_____
James A. Teilborg
United States District Judge

---

[1] The amended complaint uses the word "domicile" to refer to the "location" of both parties.  However, the word domicile does not equal a principal place of business, or a state of incorporation, both of which are required.  For example, the state of domicile is relevant for an individual as the individual's permanent home, but "permanent home" is not part of the inquiry for a corporation.  *Compare Kanter v. Warner-Lambert*, 265 F.3d 853, 857-858 (9th Cir. 2001) *and Industrial Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).